ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

OCT 3 0 2009

CLERK, U.S. DISTRICT COURT
By_____
          Deputy

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **SAMUEL JOHN MAJOR-DAVIS,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 4:09-CV-352-Y** |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Samuel John Major-Davis, TDCJ #1221760, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Abilene, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

### C. FACTUAL AND PROCEDURAL HISTORY

In this petition, Major-Davis challenges a 2008 disciplinary proceeding conducted at the

French M. Robertson Unit of TDCJ, and the resultant loss of 30 days good time.  (Disciplinary Hrg.

R. at 1)   Major-Davis was charged in Disciplinary Case No. 20080318434 with creating a

disturbance resulting in a significant disruption of institutional operations or breach of institutional

security, a Level 2, Code 23 violation of TDCJ's Disciplinary Rules and Procedures for Offenders.

(*Id.* at 5)   The Offense Description in the Offense Report alleged that on July 18, 2008, Major-

Davis–

> Did yell at Nurse Karl and RNurse Ford, refused to take his blood sugar and insulin,
> threatened to grievance if he could not get a hot meal, was told to leave and refused
> which resulted in a significant disruption of operations in that such acts caused all
> operations of the front of medical to stopped [sic] for about 20 minutes.  (*Id.*)

> Additional Information under part (10) of the Offense Report provided:

> On the date & time listed above, I, Officer Upfold, while working in the infirmary,
> Offender Major-Davis, Samuel, TDCJ #1221760, did loudly yell at LVN Karl as he
> threatened Karl a grievance for not providing a hot meal when he was questioning
> the nurses about the hot meal.  Nurse Ford & Nurse Karl both told Offender to first
> check his blood sugar & they would check into it.  Offender refused to check his
> blood sugar unless they were going to provide a hot meal.  Nurse Karl told him to
> shut up, take his blood sugar & insulin and get out.  Again Offender continued
> questioning about the hot meal & refused to check his blood.  Nurse Karl told
> Offender to just leave without checking his blood sugar & receiving his shot because
> he was creating a disturbance.  Then the Offender refused to leave because he wanted
> to check his blood sugar & take his insulin.  Again Nurse Karl told Offender, but the
> Offender still refused.  I had the Offender stand up facing the wall, with his hands
> behind his back.  A significant disruption was created because all operations at the
> front of the infirmary ceased & back up had to be called.  Offender was identified by
> his TDCJ ID.  Operations stopped for 20 minutes.

After receiving notice of the charges, Major-Davis and his legal representative, or so-called

"counsel substitute," attended a disciplinary hearing on July 24, 2008, during which he pled not

guilty to the offense. (*Id.* at 1) At the hearing, the charging officer testified, Major-Davis's oral and

written statements were allowed, and documentary evidence was admitted, including the Service

Investigation Work Sheet, the Offense Report, the Preliminary Investigation Report, and a witness statement. (*Id.* at 3-11) Major-Davis urged that his conduct was due to Nurse Karl's refusal to assure that he would receive a hot meal after administering his medication. After considering the evidence, the hearing officer found Major-Davis guilty of the violation. (*Id.* at 1-2) Major-Davis filed Step 1 and Step 2 grievances contesting the guilty finding, to no avail. (Disciplinary Grievance R. at 1-4) This federal petition for writ of habeas corpus followed.

### D. ISSUES

Major-Davis claims (1) the evidence was insufficient to support a finding of guilt that he intended to create a disturbance, (2) he lacked the required *mens rea* to commit the rule violation, (3) he was denied the right to present mitigating evidence of his bipolar disorder at the disciplinary hearing, (4) it was a violation of his civil rights to be denied a meal under Texas statutory law, (5) his punishment exceeded the maximum amount permitted under TDCJ regulations, and (6) the disciplinary process violates the Fourteenth Amendment. (Petition at 6-16)

### E. RULE 5 STATEMENT

Thaler believes Major-Davis has failed to exhaust his state administrative remedies as to one or more of his claims as required by 28 U.S.C. § 2254(b)(1). (Resp't Answer at 6) However, a court may deny a petition on the merits notwithstanding a petitioner's failure to exhaust. *Id.* § 2254(b)(2).

### F. DISCUSSION

*(1) & (2)  Insufficient Evidence*

A prisoner commits a disciplinary violation if he acts in a manner which results in a significant disruption of the institutional operations or breach of institutional security. Major-Davis claims TDCJ failed to outline any conduct in the relevant forms which meets the definition of the

rule violation or establishes that he intended to create a disturbance.

Federal habeas review of the sufficiency of the evidence is extremely limited. Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply. *Wolff v. McDonnell,* 418 U.S. 539, 556 (1976). In this context, due process requires only "some evidence" to support the findings made in a disciplinary hearing. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 455-57 (1985); *Wolff,* 418 U.S. at 563-66. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. *Hill,* 472 U.S. at 455. The relevant inquiry is whether there is any evidence in the record that could support the conclusion reached by the disciplinary officer. *Id.* at 455-56. The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. *Id.* at 456. Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction nor any other standard greater than some evidence applies in this context. *Hill,* 472 U.S. at 456; *Wolff,* 418 U.S. at 556. The "some evidence" standard falls far below the evidentiary test required at criminal trials of proof beyond a reasonable doubt.

In Major-Davis's case, the charging officer's Offense Report and testimony and Karl's written statement was some evidence to support the finding against him. *See Hudson v. Johnson,* 242 F.3d 534, 536-37 (5th Cir. 2001) (providing an officer's report, by itself, is sufficient to support a finding of guilt). Evidence of Major-Davis's actions of yelling at medical staff, refusing to check his blood sugar, and refusing to leave the medical clinic when ordered was some evidence to establish that Major-Davis acted in a manner which resulted in a significant disruption of the clinic

for twenty minutes.

*(3)  Right to Present Mitigating Evidence*

Major-Davis claims he was denied the right to present mitigating evidence of events leading up to the incident and his bipolar disorder at the disciplinary hearing.  In a disciplinary proceeding, a prisoner must be afforded the opportunity to present evidence and witnesses and the right to cross-examine his accuser provided it is relevant and not repetitious. TDCJ's Disciplinary Rules and Procedures for Offenders VI(B).

The audio recording of Major-Davis's disciplinary hearing is largely unintelligible and does not aid the court in the determination of this issue.  Nevertheless, Major-Davis's written statement regarding the offense included his version of events leading up to the incident.  (*Id.* at 10-11) Further, before the hearing, a mental health clinician determined that Major-Davis's mental status did not contribute to the alleged offense or his ability to participate in the disciplinary process. (Disciplinary Hrg. R. at 8)  Thus, it was within the hearing officer's discretion to disallow the evidence as repetitious or irrelevant.

*(4)  Denial of a Meal*

Major-Davis claims that his right to be fed under § 501.003 of the Texas Government Code was violated and that Nurse Karl and Officer Upfold abused their official capacity and violated his civil rights under §§ 39.01 and 39.04 of the Texas Penal Code.  Alleged violations of state law provide no basis for federal habeas relief.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 & n.2 (1991). Furthermore, the appropriate vehicle in which to raise one or more of these claims is a civil rights action pursuant to 42 U.S.C. § 1983.

*(5) Punishment*

Major-Davis claims the 30-day forfeiture of good time exceeds the maximum sanction authorized under TDCJ regulations. A violation of prison regulations, without more, does not give rise to a constitutional violation. *Hernandez v. Estelle,* 788 F.2d 1154, 1158 (5th Cir. 1986). Additionally, during the administrative grievance process, Major-Davis was informed at each step that the punishment assessed was within agency guidelines. (Disciplinary Grievance R. at 2, 4) Major-Davis has offered no evidence to rebut this determination.

*(6) Notice*

Major-Davis claims TDCJ's disciplinary process violates his constitutional right to due process because the Additional Information contained in the Offense Report under part (10) was not included in TDCJ's notice of the charges and because the Offense Description, which was provided to him, was not given under oath or attested to as being true and correct.

Due process in state prison disciplinary hearings requires that a prisoner be provided with advance written notice of the charges against him. *Wolff,* 418 U.S. at 563-72. The notice is adequate if it allows the prisoner to understand the charges and to marshal the facts in his defense. *Id.* Major-Davis states that he was given written notice of the offense description as set forth in the offense report, *see infra.* Thus, he was given written notice accusing him of creating a disturbance by yelling at medical staff, refusing to take his blood sugar and insulin, threatening to grievance if he could not get a hot meal, and refusing to leave the medical clinic when told to leave. The facts provided in the written notice were sufficient to notify Major-Davis that he could be subject to and would have to defend a charge of creating a disturbance. This was adequate notice under the Due Process Clause.

## II. RECOMMENDATION

Major-Davis's petition for writ of habeas corpus should be denied. All pending motions not previously ruled upon, including Major-Davis's motion for a *Spears* hearing (docket entry #16), are denied.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 20, 2009. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until November 20, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings,

7

conclusions, and recommendation.  It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 30, 2009.


CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE